**Miguel JUAREZ–ROMERO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73552.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2009.

Filed Dec. 2, 2009.

Stephanie Thorpe, Rios–Cantor, P.S. Attorneys at Law, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan Estelle Smiley, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

MEMORANDUM *

Miguel Juarez–Romero petitions for review of the dismissal by the Board of

---

* This disposition is not appropriate for publication and is not precedent except as provided

Immigration Appeals of his appeal from the Immigration Judge's order of removal based on his November 2006 conviction for identity theft in the first degree. *See* WASH. REV.CODE. § 9.35.020(1) and (2) (2006). We deny his petition for review.

Juarez asserts that the BIA erred by concluding that his statute of conviction was a crime involving moral turpitude. We conclude that Juarez's statute of conviction categorically describes a crime involving moral turpitude and therefore deny his petition for review.

A crime involving fraud is a crime involving moral turpitude. *Navarro–Lopez v. Gonzales,* 503 F.3d 1063, 1074 (9th Cir. 2007) (en banc). Washington's identity theft statute describes a form of fraud, specifically the knowing use of another person's identification to obtain something of value (in excess of $1,500 of value) with the intent to commit (or to aid and abet) any crime. Although the intent required by the statute is "the intent to commit a crime" rather than the intent to defraud, petitioner has failed to identify any application of the statute that would not constitute fraud. *See Gonzales v. Duenas–Alvarez,* 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). We have not found any. *See e.g. State v. Leyda,* 157 Wash.2d 335, 138 P.3d 610 (Wash.2006); *State v. Acrey,* 135 Wash.App. 938, 146 P.3d 1215 (Wash.App. Div. 1, 2006). Thus, the BIA did not err when it determined that Juarez's statute of conviction was categorically a crime involving moral turpitude and dismissed his appeal.

PETITION DENIED.